# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| MARIA T. RICO, | Case No. 0:13-bk-05023-BMW |
| Debtor. | **RULING AND ORDER REGARDING FIRST AMENDED APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES – ATTORNEY FEES AND REIMBURSEMENT OF COSTS (DKT. 123) AND U.S. TRUSTEE'S OBJECTION THERETO (DKT. 130)** |

Before the Court is the *First Amended Application for Allowance of Administrative Expenses – Attorney Fees and Reimbursement of Costs* (the "Amended Application") (Ex. A)[1] filed by Jim D. Smith ("Mr. Smith"), as counsel for the bankruptcy estate (the "Estate"), in which Mr. Smith requests an award of attorney's fees in the amount of $41,000.00, plus reimbursement of $221.34 in costs. Mr. Smith is also the appointed Chapter 7 Trustee in this case.

The United States Trustee for the District of Arizona (the "U.S. Trustee") objects to the Amended Application on the basis that: (1) Mr. Smith has failed to establish that all fees requested are reasonable; (2) Mr. Smith has failed to establish that all services for which he is seeking compensation were necessary; (3) Mr. Smith is improperly requesting attorney compensation for performing Chapter 7 trustee duties; and (4) Mr. Smith is impermissibly

---

[1] Citations to "Ex." refer to exhibits admitted into evidence during the March 26, 2024 evidentiary hearing. All exhibits are also filings on the designated dockets.

seeking compensation for defending his request for attorney's fees. (Ex. L; *see also* Ex. N; Ex. O).

Mr. Smith maintains that he is seeking fees for compensable legal and paraprofessional services he performed for the benefit of the Estate. (*E.g.*, Dkt. 132;[2] Dkt. 154).

On February 14, 2024, the Court issued a tentative ruling, which Mr. Smith declined to accept.[3] (Dkt. 147; Dkt. 151). Thereafter, an evidentiary hearing scheduling order was issued. (Dkt. 152).

On March 15, 2024, the parties filed their joint pre-trial statement (Dkt. 153), and on March 26, 2024, an evidentiary hearing was held (the "Evidentiary Hearing"). At the Evidentiary Hearing, Mr. Smith submitted a declaration in lieu of direct testimony in support of his Amended Application (the "Declaration") (Dkt. 154), and Mr. Smith was cross-examined by counsel for the U.S. Trustee. Certain documents in the Court record were admitted into evidence, and thereafter the parties presented closing arguments.

During closing arguments, Mr. Smith reiterated his request that the Court approve his Amended Application in its entirety. Counsel for the U.S. Trustee asked the Court to reduce Mr. Smith's attorney fee award to an amount that will allow for payment in full of all allowed general unsecured claims.

At the conclusion of the Evidentiary Hearing, the Court took the matter under advisement. Based upon the pleadings, testimony, evidence, and entire record before the Court, the Court now issues its ruling. The following constitutes the Court's findings of fact and conclusions of law.

## I. __Factual and Procedural Background__

This Chapter 7 case was filed by Maria T. Rico (the "Debtor") on April 1, 2013, and Mr. Smith was appointed Chapter 7 Trustee.

A claims bar date was set and claims totaling $33,220.43 were filed.[4] (Ex. K at 10; 3/26/2024 Hearing Tr. 8:25-9:11).

---

[2] References to "Dkt." are references to the administrative docket in this case unless otherwise indicated.
[3] As part of its tentative ruling, the Court also denied Mr. Smith's related motion for summary judgment given the outstanding genuine issues of material fact.
[4] All claims that were filed are general unsecured claims. The holder of Claim 6, which was filed in the amount of $1,730.18, has since deemed its claim satisfied. (Dkt. 146; 3/26/2024 Hearing Tr. 9:10-10:1).

1  Mr. Smith recovered approximately $3,000 for the Estate, nominal disbursements were

2  made to creditors, and Mr. Smith was awarded and paid attorney's fees in the amount of $1,425

3  for his initial administration of the Estate. (Dkt. 42; Dkt. 54; Ex. K at 9). This case was then

4  closed.

5  Mr. Smith subsequently moved to reopen this case on two occasions for the purpose of

6  administering an undisclosed class action claim. (Dkt. 57; Dkt. 62; Dkt. 67; Dkt. 69; Dkt. 154 at

7  3-4; 3/26/2024 Hearing Tr. 10:13-12:2).

8  Mr. Smith has been reappointed Chapter 7 Trustee upon each reopening of the case, and

9  Mr. Smith has, at his request, been employed as attorney for the Estate upon each reopening.

10  (Dkt. 63; Dkt. 75). At issue in this matter is the period of time between January 22, 2019, when

11  Mr. Smith filed his most recent application to be employed as counsel for the Estate (the

12  "Employment Application") (Dkt. 72), and February 27, 2023, on which date Mr. Smith filed the

13  Amended Application (the "Application Period"). (Ex. A).

14  After being employed to represent the Estate at the beginning of the Application Period,

15  Mr. Smith filed an application to employ three independent law firms as special counsel ("Special

16  Counsel" and the "Special Counsel Application") to represent the Estate in a personal injury class

17  action lawsuit (the "Class Action Claim"). (Dkt. 76).

18  The Special Counsel Application was unopposed and approved by the Court on September

19  6, 2019. (Dkt. 82).

20  Thereafter, on November 4, 2019, Mr. Smith filed a motion to approve a settlement of the

21  Class Action Claim, which settlement was negotiated by Special Counsel (the "Class Action

22  Settlement"). (Dkt. 83; 3/26/2024 Hearing Tr. 13:16-21). The Class Action Settlement was

23  unopposed and approved by the Court. (Ex. C). Pursuant to the order approving the Class Action

24  Settlement, Special Counsel was to be paid its agreed-upon contingency fee and $23,544.32 in

25  net proceeds were to be paid to the Estate (the "Class Action Settlement Funds"). (Ex. C).

26  Thereafter, there were no filings on the docket for more than one year.

27  On May 13, 2021, the Debtor's daughter, Erikka Rico ("Erikka"), filed an adversary

28  complaint against the Debtor and Mr. Smith in his capacity as Chapter 7 Trustee, seeking

declaratory relief or partition of certain real property (the "Undisclosed Property"), in which title was held by Erikka and the Debtor (the "Rico Adversary").[5] (Dkt. 91). The Estate therefore asserted a 50% interest in the subject property. (*See, e.g.* 0:21-ap-00133-BMW at Dkt. 22; Dkt. 23). Erikka took the position that the Estate had only bare legal title to the Undisclosed Property. (Dkt. 91).

A few months after commencing the Rico Adversary, Erikka filed a motion seeking approval of a sale of the Undisclosed Property for an amount sufficient to generate approximately $267,800 in net proceeds (the "Sale Motion"). (Dkt. 92). Erikka took the position that the Estate was not entitled to any dollar amount over the amount of the allowed claims in this case, plus potential administrative expenses, and she agreed to allow the disputed 50% portion of the net sale proceeds to be held pending further order of the Court. (*See* Dkt. 92; 9/14/2021 Hearing Tr. 5:1-7, 13:24-14:10; 3/26/2024 Hearing Tr. 18:3-21).

The Court held a hearing on the Sale Motion and the Rico Adversary on September 14, 2021, during which Mr. Smith agreed to allow the sale of the Undisclosed Property to proceed and offered to settle the Estate's interest in the Undisclosed Property for $33,000, the approximate amount of the claims filed on the claims register, thereby resolving the Rico Adversary as it pertained to the Estate (the "Undisclosed Property Settlement"). (9/14/2021 Hearing Tr. 14:11-17, 18:7-15, 18:21-19:1).

The Court gave Mr. Smith ample opportunity to reconsider his settlement offer and take into account his attorney's fees and trustee commission. (9/14/2021 Hearing Tr. 13:3-16:21). The Court asked Mr. Smith if he wanted to increase his settlement offer to account for his administrative expenses, and Mr. Smith expressly declined to do so. (9/14/2021 Hearing Tr. 15:17-16:12).

At the Evidentiary Hearing regarding the Amended Application, Mr. Smith testified that he agreed to settle the Rico Adversary and Undisclosed Property litigation for the amount of the claims on the claims register because in his opinion, the benefits of the proposed settlement outweighed the costs, delay, and uncertainty of ongoing litigation. (*See* Dkt. 154 at 7-9). Based

---

[5] *Rico v. Rico et al.* (0:21-ap-00133-BMW).

upon the information provided to the Court, the Court approved the Undisclosed Property Settlement. (Dkt. 103). Thereafter, the parties ultimately performed pursuant to the terms of such settlement, and the Rico Adversary was dismissed with prejudice. (0:21-ap-00133-BMW at Dkt. 37).

The Court notes that Mr. Smith never informed the Court that the attorney's fees he would be requesting pertaining to his work concerning the Rico Adversary and Undisclosed Property totaled nearly the full amount of the Undisclosed Property Settlement he proposed. (3/26/2024 Hearing Tr. 14:15-15:3, 19:21-24). Mr. Smith testified at the Evidentiary Hearing that he "had no idea what [his] fees were" and that he "[does not] keep track of that until the end [of the case]." (3/26/2024 Hearing Tr. 19:21-20:2, 20:7-11).

While the Rico Adversary was pending, Mr. Smith filed an adversary complaint seeking to avoid a security interest encumbering the Undisclosed Property (the "Figure Lending Adversary").[6] (Ex. G). That adversary complaint was voluntarily dismissed by Mr. Smith on the same day the complaint was filed, after it was brought to Mr. Smith's attention that the statute of limitations on the claim had run. (Ex. H; *see also* 3/26/2024 Hearing Tr. 21:10-22:2). The Estate received no recovery as a result of the Figure Lending Adversary. (3/26/2024 Hearing Tr. 22:4-10).

Thereafter, on January 21, 2022, Mr. Smith filed an adversary complaint against Special Counsel alleging that Special Counsel failed to recover the Class Action Settlement Funds for the Estate (the "Special Counsel Adversary").[7] (Ex. B). Mr. Smith testified that he filed the Special Counsel Adversary because he was having difficulty obtaining the Class Action Settlement Funds from the funds administrator (the "Class Action Settlement Administrator").[8] (3/26/2024 Hearing Tr. 27:8-21). Mr. Smith also testified that he did not expect Special Counsel to sign the release form(s) required by the Class Action Settlement Administrator for the release of the Class Action Settlement Funds to the Estate. (3/26/2024 Hearing Tr. 28:11-14).

---

[6] *Smith v. Rico et al.* (0:21-ap-00231-BMW).
[7] *Smith v. Nick H. Johnson dba Johnson Law Firm et al.* (0:22-ap-00011-BMW).
[8] The order approving the Class Action Settlement does not indicate that Special Counsel was responsible for collecting the funds due to the Estate. (*See* Dkt. 89).

Shortly after commencing the Special Counsel Adversary, in or about February 2022, Mr. Smith signed and returned a release form to the Class Action Settlement Administrator, and the Class Action Settlement Funds owing to the Estate were remitted to Mr. Smith. (3/26/2024 Hearing Tr. 28:23-30:5). Mr. Smith has provided no documentation to support that any collection efforts pertaining to the Class Action Settlement Funds required the services of an attorney. (*See* 3/26/2024 Hearing Tr. 29:16-30:14).

Even after payment in full of the Class Action Settlement Funds owing to the Estate, Mr. Smith continued to pursue the Special Counsel Adversary for reasons that are unclear to the Court.

On, April 13, 2022, at the initial Rule 7016 scheduling conference, this Court summarily dismissed the Special Counsel Adversary complaint given that the Class Action Settlement Funds had been tendered to Mr. Smith and no issues pertaining to the Class Action Claim or Class Action Settlement remained outstanding. (Ex. E). The Special Counsel Adversary resulted in no additional recovery for the Estate. (3/26/2024 Hearing Tr. 30:20-22).

Thereafter, on April 27, 2022, Mr. Smith filed a motion to limit notice in the administrative case (the "Motion to Limit Notice"), which was unopposed and granted. (Dkt. 113; Dkt. 115).

On May 26, 2022, Mr. Smith filed an application requesting attorney's fees in the amount of $35,960.00 and reimbursement of expenses in the amount of $211.39 (the "Initial Application"). (Ex. I).

The U.S. Trustee objected to the Initial Application, and the application was withdrawn. (Ex. J; Dkt. 122).

Thereafter, Mr. Smith filed the Amended Application. In the Amended Application, Mr. Smith requests an award of attorney's fees and related paraprofessional fees in the amount of $41,000,[9] plus reimbursement of $221.34 in expenses, pertaining to: (1) his Employment

---

[9] Mr. Smith asserts that he billed a total of $46,985 in attorney and paraprofessional fees, which fees were billed at a rate of $300 per hour for attorney time and $125 per hour for paraprofessional time, and that he has agreed to a voluntary reduction in the amount of $5,985. (Ex. A at 3). These numbers are not consistent with the itemized time entries submitted by Mr. Smith. (*See* Ex. A at 6-23).

Application; (2) the Special Counsel Application; (3) the Class Action Settlement; (4) the Undisclosed Property and related Rico Adversary; (5) the Figure Lending Adversary; (6) the Special Counsel Adversary; (7) the Motion to Limit Notice; and (8) the Amended Application. (Ex. A).

On the same date Mr. Smith filed his Amended Application, Mr. Smith filed a *Trustee's Application for Compensation and Reimbursement of Expenses* (the "Trustee Application"), in which Mr. Smith requests a trustee commission in the amount of $7,545.23.[10] (Dkt. 125). The Trustee Application is unopposed.

Mr. Smith also filed his trustee's final report (the "TFR"). (Ex. K). The TFR reflects that Mr. Smith collected a total of $85,904.50 for the Estate in this case, which funds were primarily derived from the Class Action Settlement and Undisclosed Property Settlement. (*See* Ex. K; Dkt. 154 at 4). The TFR reflects that Mr. Smith is holding a balance of $56,194.32.[11] (Ex. K at 1, 9). Thus, Mr. Smith is seeking to pay himself approximately 86% of the remaining funds of the Estate.[12] (*See* Ex. K at 9).

There is no dispute that the remaining unpaid general unsecured claims in this case total $30,956.22. (*See* Ex. K at 10; Dkt. 146; 3/26/2024 Hearing Tr. 8:8-10:6). If Mr. Smith's Amended Application and Trustee Application were to be approved, general unsecured creditors would be paid an estimated $7,453.88, and would thus receive an approximate 24% return in this case. (Ex. K at 10).

## II.  Legal Analysis and Conclusions of Law

"The Bankruptcy Code requires the trustee to do his or her own work[.]" *Smith v. U.S. Trustee (In re Rivera)*, BAP No. AZ-23-1047-LCF, 2023 WL 8776750, at *6 (9th Cir. B.A.P. Dec. 19, 2023). "If the court has authorized a trustee to serve as an attorney . . . for the estate . . . the court may allow compensation for the trustee's services as such attorney . . . only to the extent that the trustee performed services as attorney . . . for the estate and not for performance

---

[10] $726.13 of this amount has been paid to Mr. Smith as interim compensation. (Dkt. 125 at 1).

[11] Most of the disbursements to date pertain to the Court-approved payment of Special Counsel and expenses related to the Class Action Settlement. (*See* Ex. K at 4-8).

[12] This figure takes into account all unpaid attorney's fees for which Mr. Smith is seeking Court approval, the unpaid portion of Mr. Smith's unopposed trustee commission, and all unpaid related expenses.

of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney . . . for the estate." 11 U.S.C. § 328(b). "Only when unique difficulties arise may compensation be provided for services which coincide or overlap with the trustee's duties and only to the extent of matters requiring legal expertise." *Ferrette & Slater v. U.S. Trustee (In re Garcia)*, 335 B.R. 717, 725 (9th Cir. B.A.P. 2005) (quoting *United States Trustee v. Porter, Wright, Morris & Arthur (In re J.W. Knapp)*, 930 F.2d 386, 388 (4th Cir. 1991) in *Sousa v. Miguel (In re U.S. Trustee)*, 32 F.3d 1370, 1373 (9th Cir. 1994)).

Further, pursuant to § 330(a) of the Bankruptcy Code, attorneys for the estate are only entitled to "reasonable compensation for actual, necessary services" they render, considering "the nature, the extent, and the value of such services, taking into account all relevant factors," including the time spent on the services, the rate charged, the necessity and benefit of the services provided, the time spent on the services, the qualifications of the attorney, and the customary compensation charged by comparably skilled attorneys in other cases. 11 U.S.C. § 330(a).

"Beyond the literal language that the services must be reasonable and necessary to be compensable, '[p]rofessionals have an obligation to exercise billing judgment[,]'" and it is appropriate for the Court to consider the anticipated return to creditors when assessing a request for attorney's fees. *In re Rivera*, 2023 WL 8776750, at *8 (quoting in part *Lobel & Opera v. U.S. Tr. (In re Auto Parts Club, Inc.)*, 211 B.R. 29, 33 (9th Cir. B.A.P. 1997)). "The 'actual and necessary' prong of § 330(a)(1) requires the trustee to consider the potential for recovery and balance the effort required against the results that might be achieved." *Id.* at *9.

With respect to attorney billing practices, because the Court must evaluate each service and the time spent on each task billed, the lumping of multiple tasks into a single billing entry is "universally disapproved by bankruptcy courts" and may warrant a fee reduction. *Thomas v. Namba (In re Thomas)*, No. BAP CC-08-1307-HMOPA, 2009 WL 7751299, at *5 (9th Cir. B.A.P, July 6, 2009), *aff'd*, 474 F.App'x 500 (9th Cir. 2012) (internal quotation omitted).

The party seeking attorney's fees has the burden of establishing that he is entitled to such fees. *Roderick v. Levy (In re Roderick Timber Co.)*, 185 B.R. 601, 606 (9th Cir. B.A.P. 1995); *see also In re Rivera*, 2023 WL 8776750, at *6 (recognizing that the objecting party must

establish that the fees at issue are unreasonable, but this burden on the objecting party does not relieve the applicant from his burden of establishing that the fees requested are reasonable in the first instance). Further, "the Bankruptcy Code and cases interpreting § 330 make clear that the trial court has an independent obligation, whether a party objects or not, to review, critique, and reduce the fees requested if necessary, using the given standards[.]" *In re Rivera*, 2023 WL 8776750, at *5; *see also* 11 U.S.C. § 330(a)(2).

In this case, there is no dispute that Mr. Smith was appointed Chapter 7 Trustee, was employed as attorney for the Estate, has extensive experience practicing in the area of bankruptcy law, and recovered funds for the Estate. There is also no dispute that Mr. Smith performed the services for which he billed. Further, the Court finds Mr. Smith's billing rate to be reasonable. However, it is the determination of the Court that certain services for which Mr. Smith is seeking compensation are not compensable attorney services, that certain work billed to the Estate was not necessary, and that certain fees requested are unreasonable given the totality of the facts and circumstances of this case. A line-item analysis of each time entry attached to the Amended Application, which sets forth this Court's reductions and disallowances, is attached as Exhibit A to this Ruling and Order and is incorporated herein in its entirety. The basis for the Court's reductions and disallowances is set forth below.

### 1. The Employment Application

It is routine in this District for attorneys for Chapter 7 estates to request and be awarded compensation for preparing attorney employment applications. However, in this case, certain services pertaining to the Employment Application were improperly billed at Mr. Smith's attorney rate. Filing pleadings and lodging orders are paraprofessional tasks. A reduction of the fees billed for work pertaining to the Employment Application is therefore warranted.

### 2. The Special Counsel Application and Class Action Settlement

As discussed above, work pertaining to attorney employment applications is generally compensable in this District. Services pertaining to settlement agreements may also be compensable attorney services, and in this case, the U.S. Trustee does not dispute that the work Mr. Smith did to employ Special Counsel and obtain approval of the Class Action Settlement is

generally compensable attorney work. (3/26/2024 Hearing Tr. 40:14-25). However, as with Mr. Smith's Employment Application, a number of tasks pertaining to the Special Counsel Application and Class Action Settlement are paraprofessional tasks that were improperly billed at Mr. Smith's attorney rate. Filing documents, preparing notices, and lodging orders are generally paraprofessional services. A reduction of the fees billed for work pertaining to the Special Counsel Application and Class Action Settlement is therefore warranted.

### 3. The Undisclosed Property, Rico Adversary, and Undisclosed Property Settlement

Mr. Smith chose to settle the Rico Adversary for $33,000, representing the approximate amount of the claims filed on the claims register, even after the Court suggested that Mr. Smith consider the amount of his administrative expense claims, including attorney's fees.[13]

Mr. Smith's testimony that he did not have any idea what the amount of his attorney's fees were at the time he agreed to settle the Undisclosed Property litigation is damning. An attorney for an estate should always know, or have the ability to quickly determine, the outstanding amount of his fees. To propose a settlement of the Undisclosed Property litigation without any knowledge of the accrued, administrative expenses reflects poor judgment, and a dereliction of duties owed to the Estate and its creditors.

Mr. Smith has billed the Estate in excess of $30,000 for work pertaining to the Undisclosed Property, Rico Adversary, and Undisclosed Property Settlement. (*See* Ex. A; Dkt. 154 at 7; 3/26/2024 Hearing Tr. 14:21-25). If Mr. Smith were to be awarded the full amount of the fees he has requested for such work, the monetary benefit to the Estate resulting from the Undisclosed Property Settlement would be negligible and the claims of the Estate pertaining to the Undisclosed Property would be administered for the sole benefit of an Estate professional. (*See* 3/26/2024 Hearing Tr. 15:5-12). Mr. Smith could have avoided this outcome but chose not to.[14]

---

[13] Mr. Smith has suggested that his position and leverage were going to be interrupted by the Court allowing a sale of the Undisclosed Property to occur, which in part led Mr. Smith to offer to settle the Undisclosed Property litigation for $33,000. (Dkt. 154 at 9). However, by allowing the Undisclosed Property to be sold, all the Court was allowing was the liquidation of real property to cash.

[14] There were proceeds from the sale of the Undisclosed Property sufficient to pay all claims of the Estate and Mr. Smith's reasonable attorney's fees and trustee commission in full. (*See* Dkt. 108 at Ex. B; 3/26/2024 Hearing Tr. 16:12-15). Counsel for Erikka in the Rico Adversary offered to set aside funds

It is the determination of this Court that the amount of the fees Mr. Smith has requested for work pertaining to the Undisclosed Property, Rico Adversary, and Undisclosed Property Settlement is therefore unreasonable and must be significantly reduced. The consequences of Mr. Smith's decision not to pursue a recovery sufficient to cover some or all of his administrative expenses should not, and will not, be borne by general unsecured creditors. Further, trustee tasks performed in connection with the Undisclosed Property and Rico Adversary are not compensable as attorney services.

### 4. The Figure Lending Adversary

Mr. Smith initiated and then voluntarily dismissed the Figure Lending Adversary on the same day. Mr. Smith acknowledged in his notice of dismissal that the statute of limitations on the claim at issue had run. (Ex. H). During the Evidentiary Hearing, Mr. Smith conceded that the Figure Lending Adversary provided no benefit to the Estate. (3/26/2024 Hearing Tr. 22:4-10). The request for more than $1,400 in fees for services pertaining to the Figure Lending Adversary is therefore unreasonable, and it is the determination of the Court that the majority of the fees Mr. Smith is requesting for work pertaining to the Figure Lending Adversary must be disallowed.

### 5. The Special Counsel Adversary and Class Action Settlement Collection Efforts

Based upon a review of the administrative and Special Counsel Adversary dockets, Mr. Smith's testimony at the Evidentiary Hearing, and Mr. Smith's billing entries pertaining to the Special Counsel Adversary and efforts to collect the Class Action Settlement Funds owing to the Estate, Mr. Smith has billed the Estate more than $6,400 for communicating with third-parties about release of the Class Action Settlement Funds, executing release forms, and pursuing the Special Counsel Adversary, which adversary proceeding was promptly dismissed by the Court.

Mr. Smith's Declaration includes a general assertion that there were "many disputes and issues which were resolved with the Class Action Settlement Administrator and disputes with Special Counsel, which included [the Special Counsel Adversary]." (Dkt. 154 at 6). However, by his general conclusory statement, Mr. Smith has not satisfied his burden of establishing that

---

sufficient to pay all claims and administrative expenses in full pending further Court order. (9/14/2021 Hearing Tr. 5:1-9).

the related services for which he has billed the Estate were attorney services. Executing releases, communicating with class action administrators, and filling out paperwork to obtain class action settlement funds are all standard trustee duties. The record further reflects that certain of the services for which Mr. Smith has billed the Estate for tasks related to the Special Counsel Adversary were not necessary and provided no benefit to the Estate. It is therefore the determination of the Court that nearly all of the fees Mr. Smith is requesting for work pertaining to the Special Counsel Adversary and collection of the Class Action Settlement Funds must be disallowed.

### 6. The Motion to Limit Notice

The Motion to Limit Notice pertains to an ordinary administrative component of the bankruptcy case that falls within the purview of a Chapter 7 trustee's duties. The work pertaining to the Motion to Limit Notice is therefore not compensable attorney work.

### 7. The Amended Application

Attorneys are entitled to reasonable compensation for preparing fee applications, but they are not entitled to compensation for defending such fee applications. *Baker Botts, L.L.P. v. ASARCO LLC*, 576 U.S. 121, 124, 135 S. Ct. 2158, 2162, 192 L. Ed. 2d 208 (2015).

Mr. Smith sought an award of attorney's fees in the amount of $35,960 in the Initial Application, and he is requesting an award of attorney's fees in the amount of $41,000 in the Amended Application. The U.S. Trustee filed an objection to the Initial Application, but no additional attorney services were performed by Mr. Smith between the time the Initial Application was filed and the time the Amended Application was filed. Although not argued during the Evidentiary Hearing, the U.S. Trustee has suggested that given the increase in the fees requested, Mr. Smith is impermissibly billing the Estate approximately $5,000 for defending his request for attorney's fees.

Based upon the Court's review of the record, in his respective applications, Mr. Smith only billed the Estate for time spent preparing such applications. (*See* Ex. I at 23; Ex. A at 23). It therefore appears to this Court that the discrepancy in dollar amount does not reflect improper billing of time for defending a fee application and instead pertains to differences in Mr. Smith's

built in reductions. However, the fees requested warrant a reduction on reasonableness grounds and on the basis that certain paraprofessional tasks were improperly billed.

### III.  Conclusion

Although Mr. Smith argues that he performed the services for which he has billed, and that there would have been no recovery for the Estate had he not performed those services, such that he is entitled to the fees requested, Mr. Smith's arguments fail to account for the prohibition against attorney compensation for the performance of trustee duties and the necessary and reasonableness requirements for compensation under § 330 of the Bankruptcy Code.

Based upon the foregoing analysis, the Court's independent review of the Amended Application, the Court's consideration of the funds recovered in this case, the sources of such recovery, the tasks performed by Mr. Smith, the claims filed in this case, the anticipated return to creditors, and the totality of the circumstances, it is the determination of this Court that a reduction in the amount of $26,498.75 is warranted, which reduction should result in a 100% return to general unsecured creditors with allowed claims in this case.[15]

Based upon the foregoing, and for good cause shown;

**IT IS HEREBY ORDERED** that the *United States Trustee's Objection to: (1) First Amended Application for Allowance of Administrative Expense – Attorney Fees and Reimbursement of Costs; and (2) Entry of an Order Approving Trustee's Final Report* (Dkt. 130) is sustained and denied in part, as set forth herein.

**IT IS FURTHER ORDERED** that pursuant to the Amended Application, Mr. Smith is awarded attorney's fees in the reduced amount of $17,308.75, together with expenses in the amount of $221.34.

**DATED AND SIGNED ABOVE.**

---

[15] Even with this reduction, Mr. Smith, between his trustee compensation and attorney's fees, will still receive approximately 30% of the gross receipts recovered for the Estate. The Court's reduction is taken from the total of the time entries submitted by Mr. Smith, and does not take into account any voluntary reductions.

**EXHIBIT A**[16]

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 1/22/19 | Case Administration: Reviewed Case for Conflicts; Drafted & Filed required Conflicts of Interest Declaration . . . (Doc. #73) | 0.20 hours at attorney rate of $300 per hour = $60 | $30 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.1 of the Ruling and Order. |
| 1/22/19 | Case Administration: Drafted, Revised & Filed Pleading – "Application to Employ Attorney for Estate" (Doc. #72) | 0.30 hours at attorney rate of $300 per hour = $90 | $30 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.1 of the Ruling and Order. |
| 1/22/19 | Case Administration: Drafted & Lodged proposed "Order Authorizing Employment of Attorney for Estate" (Doc. #74) | 0.30 hours at attorney rate of $300 per hour = $90 | $30 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.1 of the Ruling and Order. |
| 1/24/19 | Non-Disclosed Mesh Implant Class Action Claim: Reviewed "Judge's Procedures"; Drafted & Revised proposed "Disclosure Statement" Re: Employment of Special Counsels | 0.40 hours at attorney rate of $300 per hour = $120 | None | N/A |

---

[16] This Exhibit was generated from the billing statements attached to the Amended Application. Those billing statements do not take into account the voluntary reduction Mr. Smith has agreed to accept. The Court's reductions are therefore based upon the total fees billed.

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 1/24/19 | Non-Disclosed Mesh Implant Class Action Claim: Drafted & Revised proposed "Order Approving Trustee's Employment of Special Counsel" | 0.30 hours at attorney rate of $300 per hour = $90 | None | N/A |
| 1/24/19 | Non-Disclosed Mesh Implant Class Action Claim: e-mailed proposed Order & Disclosure Statement . . . | 0.20 hours at attorney rate of $300 per hour = $60 | $35 | Reduced to para-professional rate given the nature of the task described. See section II.2 of the Ruling and Order. |
| 1/28/19 | Non-Disclosed Mesh Implant Class Action Claim: e-mails . . . Re: Appointment of Special Counsel - Issues | 0.20 hours at attorney rate of $300 per hour = $60 | None | N/A |
| 3/25/19 | Non-Disclosed Mesh Implant Class Action Claim: Reviewed file; e-mail . . . Re: Status of proposed Disclosure Statement & signatures | 0.30 hours at attorney rate of $300 per hour = $90 | None | N/A |
| 4/8/19 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: Status of signed Disclosure Statement & signatures . . . | 0.10 hours at attorney rate of $300 per hour = $30 | None | N/A |
| 8/26/19 | Non-Disclosed Mesh Implant Class Action Claim: Reviewed file; e-mail . . . Re: Status of signed Disclosure Statement | 0.30 hours at attorney rate of $300 per hour = $90 | None | N/A |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 8/26/19 | Non-Disclosed Mesh Implant Class Action Claim: e-mail . . . Re: Status of signed Disclosure Statement | 0.10 hours at attorney rate of $300 per hour = $30 | None | N/A |
| 8/27/19 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: Disclosure Statement Issues | 0.10 hours at attorney rate of $300 per hour = $30 | None | N/A |
| 9/4/19 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . & signed Disclosure Statement | 0.10 hours at attorney rate of $300 per hour = $30 | None | N/A |
| 9/5/19 | Non-Disclosed Mesh Implant Class Action Claim: Reviewed "Judge's Procedures"; Prepared & Filed Pleading – "Application to Approve Employment of Special Counsel" (Doc. #76) | 0.90 hours at attorney rate of $300 per hour = $270 | $60 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.2 of the Ruling and Order. |
| 9/5/19 | Non-Disclosed Mesh Implant Class Action Claim: Filed signed Special Counsel "Disclosure Statement" (Doc. #77) . . . | 0.20 hours at attorney rate of $300 per hour = $60 | $35 | Reduced to para-professional rate given the nature of the task described. See section II.2 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 9/5/19 | Non-Disclosed Mesh Implant Class Action Claim: Prepared, Upload & Lodge proposed "Order Approving Trustee's Employment of Special Counsel" (Doc. #78) | 0.50 hours at attorney rate of $300 per hour = $150 | $60 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.2 of the Ruling and Order. |
| 9/8/19 | Non-Disclosed Mesh Implant Class Action Claim: Revised & Lodged proposed amended "Order Approving Trustee's Employment of Special Counsel" (Doc. #81) . . . | 0.40 hours at attorney rate of $300 per hour = $120 | $60 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.2 of the Ruling and Order. |
| 10/16/19 | Non-Disclosed Mesh Implant Class Action Claim: e-mail . . . Re: Order Approving Employment of Special Counsel & Disbursement Statement | 0.20 hours at attorney rate of $300 per hour = $60 | None | N/A |
| 10/16/19 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail with proposed Disbursement Statement & proposed Release Form . . . | 0.40 hours at attorney rate of $300 per hour = $120 | None | N/A |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 11/4/19 | Non-Disclosed Mesh Implant Class Action Claim: Prepared, Revised & Filed Pleading – "Trustee's Application to Approve Settlement of Class Action Claim" (Doc. #83) | 0.90 hours at attorney rate of $300 per hour = $270 | $60 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.2 of the Ruling and Order. |
| 11/4/19 | Non-Disclosed Mesh Implant Class Action Claim: Reviewed "Judge's Procedures"; Prepared, Revised & Filed Pleading – "Trustee's Application for Approval of Payment of Contingency Fees to Special Counsel" (Doc. #84) | 1.00 hours at attorney rate of $300 per hour = $300 | $60 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.2 of the Ruling and Order. |
| 11/4/19 | Non-Disclosed Mesh Implant Class Action Claim: Prepared & Filed Pleading "Notice of Filing Trustee's Application to Approve Settlement and Payment of Fees" (Doc. #85) | 0.30 hours at para-professional rate of $125 per hour = $37.50 | None | N/A |
| 11/19/19 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: Trustee's Motion to Approve Settlement & Release Form | 0.20 hours at attorney rate of $300 per hour = $60 | None | N/A |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 2/3/20 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: Order Approving Settlement | 0.10 hours at attorney rate of $300 per hour = $30 | None | N/A |
| 3/6/20 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: Order Approving Settlement . . . | 0.10 hours at attorney rate of $300 per hour = $30 | None | N/A |
| 3/6/20 | Non-Disclosed Mesh Implant Class Action Claim: Reviewed . . . Docket for possible Objections to proposed Settlement & Payment of Fees | 0.10 hours at para-professional rate of $125 per hour = $12.50 | None | N/A |
| 3/6/20 | Non-Disclosed Mesh Implant Class Action Claim: Prepared & Filed "Report of No Objection and Request for Entry of Order" (Doc. #87) | 0.20 hours at para-professional rate of $125 per hour = $25 | None | N/A |
| 3/6/20 | Non-Disclosed Mesh Implant Class Action Claim: Drafted, Revised & Lodged proposed "Order Approving Trustee's Settlement and Authorizing Payment of Contingency Fees" (Doc. #88) | 0.80 hours at attorney rate of $300 per hour = $240 | $30 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.2 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 3/10/20 | Non-Disclosed Mesh Implant Class Action Claim: Reviewed File; e-mail . . . Re: Order & Payment of Settlement Funds | 0.20 hours at attorney rate of $300 per hour = $60 | $60 | Based upon the record, these were trustee administration and collection task(s) that required no legal expertise. See section II.5 of the Ruling and Order. |
| 3/10/20 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: Disbursement of Settlement Funds & New Release Form . . . | 0.30 hours at attorney rate of $300 per hour = $90 | $90 | Based upon the record, these were trustee administration and collection task(s) that required no legal expertise. See section II.5 of the Ruling and Order. |
| 12/16/20 | Non-Disclosed Mesh Implant Class Action Claim: Reviewed file; e-mail . . . Re: Status of Payment/New Release Form | 0.30 hours at attorney rate of $300 per hour = $90 | $90 | Based upon the record, these were trustee administration and collection task(s) that required no legal expertise. See section II.5 of the Ruling and Order. |
| 12/16/20 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: New Release Form | 0.10 hours at attorney rate of $300 per hour = $30 | $30 | Based upon the record, these were trustee administration and collection task(s) that required no legal expertise. See section II.5 of the Ruling and Order. |
| 1/14/21 | Non-Disclosed Mesh Implant Class Action Claim: e-mails . . . Re: New Release Form | 0.20 hours at attorney rate of $300 per hour = $60 | $60 | Based upon the record, these were trustee administration and collection task(s) that required no legal expertise. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 1/20/21 | Non-Disclosed Mesh Implant Class Action Claim: Ltr . . . with another signed Release Form | 0.30 hours at attorney rate of $300 per hour = $90 | $90 | Based upon the record, these were trustee administration and collection task(s) that required no legal expertise. See section II.5 of the Ruling and Order. |
| 1/26/21 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: New Release Form | 0.10 hours at attorney rate of $300 per hour = $30 | $30 | Based upon the record, these were trustee administration and collection task(s) that required no legal expertise. See section II.5 of the Ruling and Order. |
| 4/19/21 | Non-Disclosed Real Property: Office Meeting with Debtor Re: Sale of Real Property; Reviewed File | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/20/21 | Non-Disclosed Real Property: Internet Research Re: Possible Non-Disclosed Real Estate Interests . . . | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/20/21 | Non-Disclosed Real Property: Rec'd & Att'n to e-mail . . . Re: Real Property | 0.10 hours at attorney rate of $300 per hour = $30 | $15, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/20/21 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: Release Form & Payment of Settlement Funds | 0.10 hours at attorney rate of $300 per hour = $30 | $30 | Based upon the record, these were trustee administration and collection task(s) that required no legal expertise. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 4/20/21 | Non-Disclosed Real Property: L.D.T.C.'s to/from Real Estate Agent . . . | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/20/21 | Non-Disclosed Real Property: T.C.'s to/from Debtor Re: Class Action Claim & Real Property . . . | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/20/21 | Non-Disclosed Real Property: Office Meeting . . . Re: Explain Debtor's Interest in Class Action Claim & possible non-disclosed Real Property . . . | 0.60 hours at attorney rate of $300 per hour = $180 | $90, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/20/21 | Non-Disclosed Real Property: Internet Research – . . . Fees & Recording Information | 0.60 hours at attorney rate of $300 per hour = $180 | $90, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/20/21 | Non-Disclosed Real Property: Prepared three (3) "Notice of Bankruptcy" for recording | 0.70 hours at attorney rate of $300 per hour = $210 | $105, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/20/21 | Non-Disclosed Real Property: Ltr to Pinal County Recorder's Office with "Notice of Bankruptcy" for Recording | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 4/20/21 | Non-Disclosed Real Property: Ltr to Pima County Recorder's Office with "Notice of Bankruptcy" for Recording | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/20/21 | Non-Disclosed Real Property: Ltr to Maricopa County Recorder's Office with "Notice of Bankruptcy" for Recording | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/21/21 | Non-Disclosed Real Property: Rec'd & Att'n to e-mail . . . | 0.10 hours at attorney rate of $300 per hour = $30 | $15, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/21/21 | Non-Disclosed Real Property: Drafted, Revised & Finalized proposed "Agreement" | 0.80 hours at attorney rate of $300 per hour = $240 | $120, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/21/21 | Non-Disclosed Real Property: e-mail to . . . Empire West Title Agency with proposed Agreement | 0.10 hours at attorney rate of $300 per hour = $30 | $15, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/21/21 | Non-Disclosed Real Property: L.D.T.C.'s . . . Re: Request for Sale Doc's & Information | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/22/21 | Non-Disclosed Real Property: Internet Research Re: Location & Driving Instructions . . . | 0.20 hours at attorney rate of $300 per hour = $60 | $60 | The task described is administrative in nature. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 4/22/21 | Non-Disclosed Real Property: Trip to Maricopa, AZ & to Florence, AZ to Investigate possible interest in non-disclosed real property . . . | 10.00 hours at attorney rate of $300 per hour = $3,000 | $2,000 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. There is also no breakout of travel time, warranting a further reduction. |
| 4/22/21 | Non-Disclosed Real Property: Researched Records (Deeds) . . . | 1.50 hours at attorney rate of $300 per hour = $450 | $225, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/25/21 | Non-Disclosed Real Property: Rec'd & Att'n to telephone message from Phoenix Att'y Ronald Ellett . . . | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/25/21 | Non-Disclosed Real Property: Rec'd & Att'n to e-mail from Att'y Ellett with revised proposed Sale Agreement | 0.40 hours at attorney rate of $300 per hour = $120 | $60, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/25/21 | Non-Disclosed Real Property: E-mail to Att'y Ellett Re: Revisions to Agreement | 0.10 hours at attorney rate of $300 per hour = $30 | $15, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/26/21 | Non-Disclosed Real Property: L.D.T.C's to Att'y Ronald Ellett . . . | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 4/26/21 | Non-Disclosed Real Property: L.D.T.C.'s to/from Att'y Ronald Ellett Re: Demands & Settlement Proposals | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order |
| 4/28/21 | Non-Disclosed Real Property: T.C.'s to/from Att'y Thomas Allen (Debtor's new Att'y) Re: Settlement proposals, Issues, etc. | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/29/21 | Non-Disclosed Real Property: Rec'd & Att'n to e-mail from Att'y Ellett (More Demands & Settlement Proposals) | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/30/21 | Non-Disclosed Real Property: e-mails to/from . . . Empire West Title Agency Re: Status of Sale & Bankruptcy Agreement | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/30/21 | Non-Disclosed Real Property: Att'n to More T.C.'s & e-mails to/from Att'y Ronald Ellett | 0.80 hours at attorney rate of $300 per hour = $240 | $120, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 4/30/21 | Non-Disclosed Real Property: T.C.'s with . . . (Brother to proposed Buyer of Home) | 0.40 hours at attorney rate of $300 per hour = $120 | $60, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 5/6/21 | Non-Disclosed Real Property: e-mails to/from . . . Empire West Title Agency Re: Status of Settlement of Bankruptcy Estate's Interest | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 5/6/21 | Non-Disclosed Real Property: L.D.T.C.'s to Att'y Thomas Allen (left Messages) | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 5/6/21 | Non-Disclosed Real Property: L.D.T.C.'s to/from . . . (Brother of proposed Buyer) | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 5/7/21 | Non-Disclosed Real Property: Trip to Maricopa, AZ Re: Occupancy & Sale Issues | 7.00 hours at attorney rate of $300 per hour = $2,100 | $1,400 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. There is also no breakout of travel time, warranting a further reduction. |
| 5/27/21 | Non-Disclosed Real Property: T.C.'s to/from Att'y Thomas Allen Re: Settlement Issues | 0.40 hours at attorney rate of $300 per hour = $120 | $60, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 6/2/21 | Erikka Rico v. Trustee, Adv. #21-133: Legal Research Re: Objectionable Issues, Exhibits in Plaintiff's Complaint . . . | 1.50 hours at attorney rate of $300 per hour = $450 | $225, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 6/3/21 | Erikka Rico v. Trustee, Adv. #21-133: More Legal Research re: Objectionable Exhibits Issues | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 6/3/21 | Erikka Rico v. Trustee, Adv. #21-133: Begin work on Response Pleading – "Motion to Strike" | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 6/4/21 | Erikka Rico v. Trustee, Adv. #21-133: Finalized, Filed & Served Pleading – "Motion to Strike" (Doc. #6) | 1.00 hours at attorney rate of $300 per hour = $300 | $180 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 6/7/21 | Erikka Rico v. Trustee, Adv. #21-133: Reviewed File – worked on Discovery Matters/Issues | 0.80 hours at attorney rate of $300 per hour = $240 | $120, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 6/7/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared, & Served Subpoena to Produce Documents – Loan File on Figure Lending . . . | 1.50 hours at attorney rate of $300 per hour = $450 | $300 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 6/8/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared & Served Subpoena to Produce Documents – Loan File on Alliance Financial Resources | 1.50 hours at attorney rate of $300 per hour = $450 | $300 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 6/8/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to Pleadings – "Notice of Appearance . . ." & "Answer to Complaint . . ." | 0.80 hours at attorney rate of $300 per hour = $240 | $120, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 6/10/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to "Notice of Scheduling Conference . . ."; Limited Legal Research | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 6/24/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to "Amended Complaint . . ." | 1.50 hours at attorney rate of $300 per hour = $450 | $225, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 6/28/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to Pleading – "Motion for Partial Summary Judgment on Count II Requesting Partition"; Limited Legal Research Re: Partition Actions . . . | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 6/28/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to Pleading – "Separate Statement of Facts for Motion for Partial Summary Judgment . . ." | 1.50 hours at attorney rate of $300 per hour = $450 | $225, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 6/29/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to "Defendant's Initial Rule 26 Disclosure Statement" . . . | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 6/29/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to "Notice of Service of Plaintiff's Initial Disclosure Statement" | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 7/2/21 | Erikka Rico v. Trustee, Adv. #21-133: Figure Lending – Rec'd & Att'n to e-mail from Att'y . . . Re: Subpoena | 0.10 hours at attorney rate of $300 per hour = $30 | $15, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/5/21 | Erikka Rico v. Trustee, Adv. #21-133: Legal Research Re: Time to Respond to Motion for Summary Judgment . . . | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/5/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd Returned Alliance Financial Subpoena . . .; Research Re: New Address | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/6/21 | Erikka Rico v. Trustee, Adv. #21-133: Revised & Served Subpoena to Produce Loan File on Alliance Financial . . . | 1.00 hours at attorney rate of $300 per hour = $300 | $180 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 7/6/21 | Erikka Rico v. Trustee, Adv. #21-133: Drafted, Revised, Filed & Served Pleading – "Motion to Strike" (Doc. #14) | 1.00 hours at attorney rate of $300 per hour = $300 | $180 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 7/7/21 | Erikka Rico v. Trustee, Adv. #21-133: Figure Lending – L.D.T.C.'s . . . Re: Required Confidentiality Agreement | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/8/21 | Erikka Rico v. Trustee, Adv. #21-133: Figure Lending – Reviewed Confidentiality Agreement; e-mailed signed Agreement . . . | 0.80 hours at attorney rate of $300 per hour = $240 | $120, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/12/21 | Erikka Rico v. Trustee, Adv. #21-133: Figure Lending – Rec'd & Att'n to e-mail . . . Re: Password for Production of Doc's | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/15/21 | Erikka Rico v. Trustee, Adv. #21-133: Figure Lending – L.D.T.C.'s . . . Re: Subpoena Documents | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 7/14/21 | Erikka Rico v. Trustee, Adv. #21-133: e-mails . . . Re: Conference Call | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/14/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to Pleading – "Answer to Amended Complaint . . ." | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/15/21 | Erikka Rico v. Trustee, Adv. #21-133: Reviewed File; Ltr to Att'y Ellett Re: Omitted Disclosure Exhibits | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/15/21 | Erikka Rico v. Trustee, Adv. #21-133: Motion for Summary Judgment – Legal Research | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/15/21 | Erikka Rico v. Trustee, Adv. #21-133: Drafted, Numerous Revisions, Filed & Served Pleading – "Trustee's Motion to Deny or Allow Extended Time to Respond to Plaintiff's Motion for Partial Summary Judgment" (Doc. #16) | 3.00 hours at attorney rate of $300 per hour = $900 | $500 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 7/16/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to Pleading – "Statement of Position Regarding Motion for Partial Summary Judgment on Count II Requesting Partition" (Doc. #17) . . . | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/20/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to Pleading – "Response to Defendant's Motion to Strike" (Doc. #18) | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/20/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared for & Handled Required Rule 26(f) Conference | 1.50 hours at attorney rate of $300 per hour = $450 | $225, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/20/21 | Erikka Rico v. Trustee, Adv. #21-133: e-mailed copy of Subpoenas to Att'y Ellett . . . | 0.30 hours at attorney rate of $300 per hour = $90 | $60 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given that the task described is paraprofessional in nature but was billed at the attorney rate, an additional reduction is warranted. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 7/28/21 | Erikka Rico v. Trustee, Adv. #21-133: Worked on Rule 26 Disclosure Statement; Studied Discovery Doc's from Mortgage Company | 4.00 hours at attorney rate of $300 per hour = $1,200 | $600, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/29/21 | Erikka Rico v. Trustee, Adv. #21-133: Worked on Value Mortgage Funding Subpoena . . . | 1.50 hours at attorney rate of $300 per hour = $450 | $225, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/29/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared & Served Subpoena to Produce Documents – Loan File on Value Mortgage Funding | 1.00 hours at attorney rate of $300 per hour = $300 | $200 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 7/29/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared, Filed & Served "Notice of Issuance of Subpoena" | 0.40 hours at para-professional rate of $125 per hour = $50 | $25 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 7/29/21 | Erikka Rico v. Trustee, Adv. #21-133: Office Meeting . . . Re: Issues & Possible Settlement | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 8/3/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared, Filed & Served Pleading – "Trustee's Initial Rule 26 Disclosure Statement" . . . | 2.00 hours at attorney rate of $300 per hour = $600 | $350 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 8/10/21 | Erikka Rico v. Trustee, Adv. #21-133: Value Mortgage Funding Subpoena returned – "Undeliverable"; Research new address | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 8/10/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared, & Served New Subpoena on Value Mortgage Funding . . . | 1.10 hours at attorney rate of $300 per hour = $330 | $180 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 8/10/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared, Filed & Served "Notice of Issuance of Subpoena" | 0.40 hours at para-professional rate of $125 per hour = $50 | $25 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 8/13/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared & Served Two (2) Subpoenas on Former Managers of Alliance Financial . . . | 1.50 hours at attorney rate of $300 per hour = $450 | $300 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 8/13/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared & Filed "Notice of Issuance of Subpoena" | 0.40 hours at para-professional rate of $125 per hour = $50 | $25 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 8/16/21 | Erikka Rico v. Trustee, Adv. #21-133: Discovery Issues – Legal Research Re: Motion to Produce Documents . . . | 0.60 hours at attorney rate of $300 per hour = $180 | $90, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 8/16/21 | Erikka Rico v. Trustee, Adv. #21-133: Discovery Issues – Drafted, Revised & Finalized Two (2) "Request to Produce Documents" . . . | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 8/16/21 | Erikka Rico v. Trustee, Adv. #21-133: Served Request to Produce Documents . . . | 0.40 hours at para-professional rate of $125 per hour = $50 | $25, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 8/16/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared & Filed "Notice of Service" (Doc. #19) | 0.30 hours at para-professional rate of $125 per hour = $37.50 | $18.75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 8/24/21 | Erikka Rico v. Trustee, Adv. #21-133: Discovery Issues – Prepared Two (2) "Trustee's Second Request to Produce Documents" . . . | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 8/24/21 | Erikka Rico v. Trustee, Adv. #21-133: Served Request to Produce Documents . . . | 0.30 hours at para-professional rate of $125 per hour = $37.50 | $18.75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 8/24/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared & Filed "Notice of Service" (Doc. #20) | 0.30 hours at para-professional rate of $125 per hour = $37.50 | $18.75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 8/24/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to proposed "Rule 26(f) Joint Proposed Discovery Plan and Report" from Att'y Ellett | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 8/25/21 | Erikka Rico v. Trustee, Adv. #21-133: e-mail proposed Rule 26(f) Joint Proposed Discovery Plan . . . | 0.70 hours at attorney rate of $300 per hour = $210 | $105, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 8/28/21 | Erikka Rico v. Trustee, Adv. #21-133: Alliance Finance . . . Subpoena Returned . . . | 0.10 hours at attorney rate of $300 per hour = $30 | $15, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 8/30/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared for & Attended Bk Court Hearing – Rule 7016 Scheduling Conference | 1.50 hours at attorney rate of $300 per hour = $450 | $225, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 9/7/21 | Non-Disclosed Real Property: Att'n to "Motion for Approval of Sale . . ." (Doc. #92) . . . | 3.00 hours at attorney rate of $300 per hour = $900 | $450, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 9/7/21 | Non-Disclosed Real Property: Rec'd & Att'n to "Notice of Expedited Hearing on Motion for Approval of Sale . . ." (Doc. #93) | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 9/8/21 | Non-Disclosed Real Property: Begin Work on response to Motion to Sell Property | 1.50 hours at attorney rate of $300 per hour = $450 | $225, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 9/8/21 | Trustee v. Figure Lending Matter: Limited Legal Research Re: Post-Petition Transfer; Begin Work on Complaint | 1.50 hours at attorney rate of $300 per hour = $450 | $450 | Given that the action was barred by the statute of limitations, work pertaining to this adversary proceeding was unnecessary and provided no benefit to the Estate. See section II.4 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 9/9/21 | Trustee v. Figure Lending, Adv. #21-231 Matter: Numerous Revisions & Filed Pleading – "Trustee's Complaint to Set Aside and Preserve Post-Petition Transfer" | 2.00 hours at attorney rate of $300 per hour = $600 | $600 | Given that the action was barred by the statute of limitations, work pertaining to this adversary proceeding was unnecessary and provided no benefit to the Estate. See section II.4 of the Ruling and Order. |
| 9/9/21 | Trustee v. Figure Lending, Adv. #21-231 Matter: Prepared & Filed "Statement of No Funds to Pay Filing Fees" | 0.30 hours at attorney rate of $300 per hour = $90 | $90 | Given that the action was barred by the statute of limitations, work pertaining to this adversary proceeding was unnecessary and provided no benefit to the Estate. See section II.4 of the Ruling and Order. |
| 9/9/21 | Trustee v. Figure Lending, Adv. #21-231 Matter: Request Issuance of Adversary Summons | 0.20 hours at attorney rate of $300 per hour = $60 | $60 | Given that the action was barred by the statute of limitations, work pertaining to this adversary proceeding was unnecessary and provided no benefit to the Estate. See section II.4 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 9/9/21 | Trustee v. Figure Lending, Adv. #21-231 Matter: Served . . . Summons & Complaint on Defendant(s) | 0.30 hours at para-professional rate of $125 per hour = $37.50 | $37.50 | Given that the action was barred by the statute of limitations, work pertaining to this adversary proceeding was unnecessary and provided no benefit to the Estate. See section II.4 of the Ruling and Order. |
| 9/9/21 | Non-Disclosed Real Property: Numerous Drafts, Finalized & Filed Pleading – "Trustee's Response and Objection to Motion for Approval of Sale" (Doc. #95) | 4.00 hours at attorney rate of $300 per hour = $1,200 | $630 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 9/9/21 | Non-Disclosed Real Property: Prepared & Filed Pleading – "Declaration and Ex-Parte Motion to Accept Late Filed Response to Motion to Sell Real Estate" (Doc. #96) | 1.00 hours at attorney rate of $300 per hour = $300 | $180 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 9/9/21 | Non-Disclosed Real Property: Drafted & Lodged proposed "Order Allowing Trustee's Late Filed Response to Sale Motion" (Doc. #97) | 0.50 hours at attorney rate of $300 per hour = $150 | $105 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 9/9/21 | Trustee v. Figure Lending, Adv. #21-231 Matter: Rec'd & Att'n to e-mail from Att'y Ellett | 0.10 hours at attorney rate of $300 per hour = $30 | $30 | Given that the action was barred by the statute of limitations, work pertaining to this adversary proceeding was unnecessary and provided no benefit to the Estate. See section II.4 of the Ruling and Order. |
| 9/9/21 | Trustee v. Figure Lending, Adv. #21-231 Matter: Limited Research Re: Statute of Limitations Issue | 0.30 hours at attorney rate of $300 per hour = $90 | None | Compensable attorney work given the totality of the circumstances. |
| 9/9/21 | Trustee v. Figure Lending, Adv. #21-231 Matter: Prepared & Filed "Notice of Dismissal" | 0.40 hours at attorney rate of $300 per hour = $120 | $120 | Given that the action was barred by the statute of limitations, work pertaining to this adversary proceeding was unnecessary and provided no benefit to the Estate. See section II.4 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 9/13/21 | Non-Disclosed Real Property: Rec'd & Att'n to Pleading – "Reply in Support of Motion for Approval of Sale of Home and Payment of Closing Costs and Liens" (Doc. #98) | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 9/14/21 | Non-Disclosed Real Property: Prepared for & Handled Contested Bk Court Hearing | 2.00 hours at attorney rate of $300 per hour = $600 | $300, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 9/14/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared for & Handled Contested Bk Court Hearing | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 9/15/21 | Non-Disclosed Real Property: Rec'd & Att'n to proposed "Stipulated Order Granting Motion for Approval of the Sale . . ." | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 9/17/21 | Non-Disclosed Real Property: Rec'd & Att'n to "Notice of Lodging Stipulated Order" (Doc. #101) | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 10/5/21 | Non-Disclosed Real Property: Prepared for & Attend Bk Court Hearing – Sale Status | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 10/5/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared for & Attended Bk Court Hearing | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 10/25/21 | Non-Disclosed Real Property: Rec'd & Att'n to "Report of Sale . . ." (Doc. #105) | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 10/25/21 | Non-Disclosed Real Property: e-mails to/from Att'y Ellett Re: Court Order Distribution & Escrow Closing Statement | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 10/25/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to "Report of Sale of Residential Real Property" (Doc. #29) from Att'y Ellett | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 10/26/21 | Erikka Rico v. Trustee, Adv. #21-133: Drafted & Numerous Revisions, Finalized & Filed Pleading – "Objection to Report of Sale . . ." (Doc. #30) . . . | 2.50 hours at attorney rate of $300 per hour = $750 | $400 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 10/26/21 | Non-Disclosed Real Property: Drafted & Numerous Revisions, Finalized & Filed Pleading – "Objection to Report of Sale . . ." (Doc. #106) | 1.50 hours at attorney rate of $300 per hour = $450 | $250 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 10/26/21 | Erikka Rico v. Trustee, Adv. #21-133: Served Objection . . . | 0.20 hours at para-professional rate of $125 per hour = $25 | $12.50, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 10/26/21 | Non-Disclosed Real Property: Served Objection . . . | 0.20 hours at para-professional rate of $125 per hour = $25 | $12.50, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 10/26/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared & Filed "Affidavit of Service" (Doc. #31) | 0.30 hours at para-professional rate of $125 per hour = $37.50 | $18.75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 10/26/21 | Non-Disclosed Real Property: Prepared & Filed "Affidavit of Service" (Doc. #107) | 0.30 hours at para-professional rate of $125 per hour = $37.50 | $18.75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 10/29/21 | Non-Disclosed Real Property: Rec'd & Att'n to "Supplemental Report of Sale . . ." (Doc. #108) | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 10/29/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to "Supplemental Report of Sale . . ." (Doc. #32) | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 11/1/21 | Erikka Rico v. Trustee, Adv. #21-133: (Morning) L.T.D.C. to Att'y Allen | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 11/1/21 | Non-Disclosed Real Property: Prepared for & Attend Bk Court Hearing – Sale Report Objection | 1.00 hours at attorney rate of $300 per hour = $300 | $150, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 11/1/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared for & Handled Bk Court Hearing | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 11/1/21 | Erikka Rico v. Trustee, Adv. #21-133: Drafted proposed "Order Overruling Trustee's Objection to Report of Sale and Trustee's Objection to Sale" per Judge's instructions . . . | 1.30 hours at attorney rate of $300 per hour = $390 | $195, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 11/2/21 | Erikka Rico v. Trustee, Adv. #21-133: Rec'd & Att'n to emails . . . Re: proposed Order Overruling Objections | 0.20 hours at attorney rate of $300 per hour = $60 | $30, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 11/3/21 | Erikka Rico v. Trustee, Adv. #21-133: Lodged proposed "Order Overruling Trustee's Objection . . ." (Doc. #34) | 0.50 hours at attorney rate of $300 per hour = $150 | $110 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given that the task described is para-professional in nature but was billed at the attorney rate, an additional reduction is warranted. |
| 11/3/21 | Non-Disclosed Real Property: Drafted & Lodged proposed "Order Overruling Trustee's Objection . . ." (Doc. #110) | 0.50 hours at attorney rate of $300 per hour = $150 | $100 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given the lumping of attorney and paraprofessional tasks, which were all billed at the attorney rate, an additional reduction is warranted. |
| 11/15/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared proposed "Order Dismissing Adversary Case" | 0.50 hours at attorney rate of $300 per hour = $150 | $75, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 11/15/21 | Erikka Rico v. Trustee, Adv. #21-133: e-mails . . . Re: Revised proposed Order | 0.30 hours at attorney rate of $300 per hour = $90 | $45, representing a 50% reduction | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. |
| 11/15/21 | Erikka Rico v. Trustee, Adv. #21-133: Prepared & Filed "Notice of Lodging Order" (Doc. #36) | 0.30 hours at attorney rate of $300 per hour = $90 | $60 | Reduction based upon reasonableness review, as discussed in section II.3 of the Ruling and Order. Given that the task described is paraprofessional in nature but was billed at the attorney rate, an additional reduction is warranted. |
| 1/20/22 | Non-Disclosed Mesh Implant Class Action Claim: Reviewed Files; Limited Legal Research Re: Non-Payment of Settlement Recovery | 1.00 hours at attorney rate of $300 per hour = $300 | $150 | Reduction based upon a reasonableness analysis of the circumstances. |
| 1/21/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Drafted, Numerous Revisions & Filed "Complaint" (Doc. #1) | 2.50 hours at attorney rate of $300 per hour = $750 | $750 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 1/21/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Request Issuance of Summons | 0.10 hours at attorney rate of $300 per hour = $30 | $30 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 1/21/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Prepared & Filed "Statement of No Funds to Pay Filing Fee" (Doc. #3) | 0.20 hours at attorney rate of $300 per hour = $60 | $60 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 1/24/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Served . . . Summons & Complaint . . . | 0.50 hours at para-professional rate of $125 per hour = $62.50 | $62.50 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 1/24/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Prepared & Filed "Affidavit of Service" (Doc. #5) | 0.50 hours at attorney rate of $300 per hour = $150 | $150 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 1/25/22 | Non-Disclosed Mesh Implant Class Action Claim: Reviewed File; Rec'd & Att'n to email . . . with New Release Form . . . | 0.20 hours at attorney rate of $300 per hour = $60 | $60 | Fees sought are non-compensable as attorney's fees because these task(s) involved standard trustee collection duties. See section II.5 of the Ruling and Order. |
| 1/25/22 | Non-Disclosed Mesh Implant Class Action Claim: Ltr . . . with another original, signed Release | 0.60 hours at attorney rate of $300 per hour = $180 | $180 | Fees sought are non-compensable as attorney's fees because these task(s) involved standard trustee collection duties. See section II.5 of the Ruling and Order. |
| 1/26/22 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: Payment of Settlement | 0.10 hours at attorney rate of $300 per hour = $30 | $30 | Fees sought are non-compensable as attorney's fees because these task(s) involved standard trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 1/28/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Rec'd & Att'n to e-mail . . . Re: Withdrawal of Adversary Complaint & Release | 0.10 hours at attorney rate of $300 per hour = $30 | $30 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 2/4/22 | Non-Disclosed Mesh Implant Class Action Claim: Rec'd & Att'n to e-mail . . . Re: Settlement Payment | 0.10 hours at attorney rate of $300 per hour = $30 | $30 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 2/14/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Rec'd & Att'n to e-mail . . . Re: Demand for Dismissal of Case | 0.30 hours at attorney rate of $300 per hour = $90 | $90 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 2/17/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Reviewed U.S.P.S. Delivery Confirmation status | 0.20 hours at para-professional rate of $125 per hour = $25 | $25 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 2/17/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Prepared & Filed "Supplemental Affidavit of Service" (Doc. #6) | 0.30 hours at para-professional rate of $125 per hour = $37.50 | $37.50 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 2/22/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Rec'd & Att'n to telephone message . . . Re: Demands Case be Dismissed | 0.10 hours at attorney rate of $300 per hour = $30 | $30 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 2/24/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Rec'd & Att'n to "Answer to Complaint" | 0.30 hours at attorney rate of $300 per hour = $90 | $90 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 2/25/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Rec'd & Att'n to "Notice of Scheduling Conference . . ." | 0.70 hours at attorney rate of $300 per hour = $210 | $210 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 3/25/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Limited Legal Research Re: Service of Interrogatories . . . | 0.50 hours at attorney rate of $300 per hour = $150 | $150 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 3/25/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Drafted, Numerous Revisions to Discovery – "Interrogatories . . ." | 3.00 hours at attorney rate of $300 per hour = $900 | $900 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 3/25/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Served . . . Interrogatories . . . | 0.50 hours at para-professional rate of $125 per hour = $62.50 | $62.50 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 3/25/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Prepared & Filed "Notice of Service" (Doc. #10) | 0.50 hours at para-professional rate of $125 per hour = $62.50 | $62.50 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 3/28/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: . . . e-mails . . . | 0.30 hours at attorney rate of $300 per hour = $90 | $90 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 3/28/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Prepared for Telephone Conference . . . | 0.50 hours at attorney rate of $300 per hour = $150 | $150 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 3/28/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Telephone Conference . . . | 0.50 hours at attorney rate of $300 per hour = $150 | $150 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 3/28/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Rec'd & Att'n to email Complaint from Att'y Watson | 0.30 hours at attorney rate of $300 per hour = $90 | $90 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 3/29/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Legal Research Re: Pro Hac Vice Rules . . . | 0.60 hours at attorney rate of $300 per hour = $180 | $180 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 3/30/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: e-mail . . . Re: Proposed Discovery Plan . . . | 0.30 hours at attorney rate of $300 per hour = $90 | $90 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 3/30/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: More Legal Research Re: Local Rules, Discovery Issues | 1.00 hours at attorney rate of $300 per hour = $300 | $300 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 3/30/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Several e-mails . . . Re: 3/31 Conference Call | 0.80 hours at attorney rate of $300 per hour = $240 | $240 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 3/31/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Conference Call . . . | 0.50 hours at attorney rate of $300 per hour = $150 | $150 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 3/31/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Legal Research Re: Constitutional Mootness . . . | 0.50 hours at attorney rate of $300 per hour = $150 | $150 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 4/1/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Rec'd & Att'n to e-mail . . . Re: Settlement Proposal | 0.10 hours at attorney rate of $300 per hour = $30 | $30 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 4/4/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Ltr . . . Re: Settlement Proposal | 0.20 hours at attorney rate of $300 per hour = $60 | $60 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 4/8/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Reviewed File; Ltr to Att'y Watson with requested documents | 0.60 hours at attorney rate of $300 per hour = $180 | $180 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 4/11/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Worked on & Drafted proposed "Discovery Plan" | 1.00 hours at attorney rate of $300 per hour = $300 | $300 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 4/11/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: e-mailed proposed "Discovery Plan" . . . | 0.50 hours at attorney rate of $300 per hour = $150 | $150 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 4/12/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Filed & Served . . . "Discovery Plan" (Doc. #11) | 0.60 hours at para-professional rate of $125 per hour = $75 | $75 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 4/12/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Rec'd & Att'n to ltr from Mr. Watson Re: More Requested Information | 0.50 hours at attorney rate of $300 per hour = $150 | $150 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 4/13/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Prepared for & Handled Contested Bk Ct Hearing | 1.50 hours at attorney rate of $300 per hour = $450 | $450 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 4/14/22 | Trustee v. Nick H. Johnson, et al, Adv. 22-11 Matter: Ltr to Att'y Watson with more requested information | 0.20 hours at attorney rate of $300 per hour = $60 | $60 | Fees sought are unreasonable and/or non-compensable as attorney's fees because this adversary proceeding was unnecessary and involved trustee collection duties. See section II.5 of the Ruling and Order. |
| 4/27/22 | Case Administration: Prepared & Filed . . . "Trustee's Application to Limit Future Notices . . ." (Doc. #49) | 0.20 hours at para-professional rate of $125 per hour = $25 | $25 | This is an administrative matter that falls within the purview of a Chapter 7 trustee's duties. See section II.6 of the Ruling and Order. |
| 4/27/22 | Case Administration: Drafted, Revised, & Lodged proposed "Order Limiting Future Notices . . ." (Doc. #50) | 0.30 hours at para-professional rate of $125 per hour = $37.50 | $37.50 | This is an administrative matter that falls within the purview of a Chapter 7 trustee's duties. See section II.6 of the Ruling and Order. |
| 5/20/22-5/26/22 | Drafted & Revised detailed time entries now required by U.S.T. | 5.00 hours at attorney rate of $300 per hour = $1,500 | $750 | Reduction based upon Court's independent review of time billed and inaccurate final calculations. See section II.7 of the Ruling and Order. |
| 2/27/23 | Drafted, Revised & Filed "First Amended Application for Allowance of Administrative Expenses – Attorney's Fees and Costs" . . . | 0.50 hours at attorney rate of $300 per hour = $150 | $30 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.7 of the Ruling and Order. |

| Entry Date | Billing Entry | Rate and Time Billed | Fee Reduction and/or Disallowance | Basis for Reduction and/or Disallowance |
|---|---|---|---|---|
| 2/27/23 | Prepared & Filed Required "Rule 2016 Declaration" . . . | 0.30 hours at attorney rate of $300 per hour = $90 | $30 | Lumped attorney and paraprofessional tasks all billed at attorney rate. See section II.7 of the Ruling and Order. |
| 2/27/23 | Prepared proposed "Order Allowing & Authorizing Payment of Attorney's Fees" | 0.40 hours at attorney rate of $300 per hour = $120 | None | N/A |
| | | **Total Fees Billed[17]: $43,807.50** | **Total Reductions / Disallowed Fees: $26,498.75** | |

---

[17] Although Mr. Smith indicates in his Amended Application that his billing statements reflect 160.90 hours of work and total fees of $46,985, these numbers are not consistent with the itemized time entries submitted by Mr. Smith. (*See* Ex. A at 6-23). The billing entries attached to the Amended Application itemize 142.90 hours billed at Mr. Smith's attorney rate of $300 per hour and 7.5 hours billed at Mr. Smith's paraprofessional rate of $125, for a total of $43,807.50.